**SO ORDERED.**

**SIGNED this 14 day of October, 2008.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VANESSA DAWN FRY, | ) | Case No. 04-16887 |
| | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |

**ORDER DENYING DEBTOR'S MOTION TO SET ASIDE
ORDER CONVERTING CASE UNDER CHAPTER 13 TO CHAPTER 7 AND
GRANTING TRUSTEE'S MOTION TO DISMISS**

Trustee Laurie B. Williams ("the Trustee") seeks dismissal of this chapter 13 case

because it was reconverted to chapter 13 after a previous conversion and because the Debtor has

1

received a previous discharge within six years of filing the present case.[1] In response, the Debtor argues that the Court retains the discretion to permit reconversion under § 706(c) and should exercise that discretion because the Debtor converted her case to chapter 7 by mistake. The Debtor has also filed a Motion to Set Aside [the] Order Converting Case Under Chapter 13 to Chapter 7. The Trustee argues that Debtor's motion to set aside should be denied as it is an attempt to circumvent §§ 706(a) and 727(a)(8) and to manipulate and abuse the bankruptcy process.

The parties stipulated to the facts and filed a single joint brief. The Court has reviewed the papers and is ready to rule.

I.  Findings of Fact

The Debtor filed her chapter 13 bankruptcy case on December 17, 2004. When she filed her petition, she did not disclose that she had received a discharge on August 15, 2001 in a chapter 7 case filed in the Southern District of California.[2] In March of 2005, she amended her petition to reflect the prior filing. Debtor filed a plan on February 26, 2005, drawing an objection from AmeriCredit and the Trustee. The objection by AmeriCredit was eventually resolved in Debtor's favor. The Trustee's objection was resolved by extending the plan term to fifty-two months.

After the Trustee filed a series of motions to dismiss for delinquent plan payments, the Court entered an agreed order on December 6, 2007, stating that the case would automatically be

---

[1] This is a pre-BAPCPA (Bankruptcy Abuse Prevention and Consumer Protection Act) case. Debtor filed this case on December 17, 2004. All statutory references are to the pre-BAPCPA version of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, unless otherwise noted.

[2] No. 01-05036 (Bankr. S.D. Cal. filed August 15, 2001).

dismissed if the debtor did not convert to chapter 7 within 30 days of the date of the order. (Doc. 73). On December 17, 2007, Debtor filed a motion to convert the case to chapter 7. (Doc. 75). That same day, the Court entered its Order Upon Conversion of Case Under Chapter 13 to Chapter 7 ("Conversion Order"). (Doc. 76).

Thereafter, the United States Trustee ("UST") filed a motion to dismiss the case (Doc. 78) because the Debtor had received a discharge in the California case withing 6 years of the petition date of the instant case. Section 727(a)(8) provides that a debtor who has been granted a chapter 7 discharge in a case commenced within six years before the petition date may not obtain a discharge. On February 1, 2008, and in response to the UST's motion, the Debtor moved to reconvert the case to chapter 13 (Doc. 87). A form Order Converting Case Under Chapter 7 to Chapter 13 ("Reconversion Order") was submitted to the Court and entered on February 29, 2008, notwithstanding the prior conversion. The form Order's customary finding that "the case has not been converted previously under § 1307 . . . " was clearly incorrect in this case (Doc. 91).

On March 13, 2008, the Trustee filed the present motion to dismiss the chapter 13 case, arguing reconversion to chapter 13 was improper thus cause exists to dismiss. (Doc. 96). Debtor argues reconversion is permissible under the circumstances because she mistakenly converted her case to chapter 7 and requests the Court set aside the Conversion Order. (Doc. 101).

II.  Discussion

    A.  The Debtor's Motion to Reconvert

The Trustee argues that because this debtor had previously converted her chapter 13 case

3

to one in chapter 7, she was barred from reconverting to chapter 13.  Section 706(a) states that a debtor may convert from chapter 7 to chapter 13 "at any time, if the case has not been converted under section 1112, 1208 or 1307 of this title."  As the parties noted, courts are split over the interpretation of this language.  Some courts hold that the debtor may only convert from chapter 7 to chapter 13 if the case has not been previously converted from chapter 13, and bars the debtor from seeking any further reconversion.[3]  Others have held that while § 706 (a) allows a debtor a one time "absolute" right to convert from chapter 7 to chapter 13, it does not bar a subsequent discretionary conversion after notice and a hearing.[4]

Debtor urges this Court to follow the latter interpretation and employ its discretion to grant her second conversion motion.  Debtor contends that § 706(c), which provides that the Court may not convert a chapter 7 to a chapter 13 unless the debtor so requests, affords the Court this discretion.  Here, because the Debtor requested the conversion, she argues it is within the court's discretion to grant it.

After careful study of § 706 and its context within the Code as a whole, the Court concludes that it lacks discretion to reconvert this case to chapter 13.  The subsection the Debtor relies on, § 706(c), must be read in context with the rest of the section, especially § 706(b) which provides for a chapter 7 case to be converted to chapter 11 "at any time" on request of a party in

---

[3] *See, e.g., In re Muth*, 378 B.R. 302, 303 (Bankr. D. Colo. 2007); *In re Hardin*, 301 B.R. 298 (Bankr. C. D. Ill. 2003); *In re Vitti*, 132 B.R. 229 (Bankr. D. Conn. 1991); *In re Carter*, 84 B.R. 744 (D. Kan. 1988); *In re Ghosh*, 38 B.R. 600 (Bankr. E.D.N.Y. 1984).

[4] *See, e.g., In re Johnson*, 376 B.R. 763, 2007 WL 3156255 (Bankr. D.N.M. Oct.29, 2007); *In re Anderson*, 354 B.R. 766 (Bankr. D.S.C. 2006); *In re Johnson*, 116 B.R. 224 (Bankr. D. Idaho 1990); *In re Trevino*, 78 B.R. 29 (Bankr. M.D. Pa. 1987).

4

interest. Subsection (c) makes it clear that a debtor cannot be involuntarily placed into Chapter 12 or 13. That is consistent with § 303(a) which provides that an involuntary proceeding may only be commenced under chapter 7 or 11 and only against a person who is not a farmer, a family farmer, or a non-moneyed corporation, so long as the person is eligible for relief under the chapter that is invoked. In other words, § 706(b) and (c) make clear that a creditor or party in interest may not circumvent the prohibition on involuntary chapter 12 and 13 cases by use of the conversion power.

Each remedial chapter contains provisions that protect against involuntary conversions to chapters 12 and 13. Section 1112(b) provides that, on motion of a party in interest, a chapter 11 case may only be converted to chapter 7 or dismissed. Section 1112(d) provides that the court may only convert a chapter 11 to a chapter 12 or chapter 13 case if the debtor requests the conversion, has not received a § 1141(d) discharge, and, if the debtor requests conversion to chapter 12, only if conversion would be equitable. Similar provisions exist in § 1307(d) which provides, in part, that a chapter 13 case may be converted to one under chapter 11 or 12 upon a party in interest's motion.[5] In chapter 12, § 1208(d) only allows conversion of a family farm case to chapter 7 if the debtor has committed fraud in connection with the case. Thus, each remedial chapter's conversion provisions outline the scope of the Court's authority to grant a conversion motion and each contains subsections that reinforce the prohibitions of involuntarily subjecting farm debtors to any Title 11 relief and of involuntarily forcing debtors with regular income into chapter 13. These subsections do not supply discretion, they curtail it.

---

[5] This right is subject to the limitation of former § 1307(e) that provides that if the debtor is a farmer, his case may not be converted to proceedings under chapters 7, 11, or 12 except at his request.

Thus, the Court agrees with those that prohibit reconversion. The language of § 706(a) clearly and unambiguously states a debtor may convert out of chapter 7 only if the case has not been previously converted under § 1307. The Court holds that Debtor does not have a right to reconvert her case. The Reconversion Order, erroneous on its face, should be vacated and this case returned to a chapter 7, subject to the following.

B.  The Debtor's Motion to Set Aside the First Conversion

The Debtor's motion to set aside essentially seeks reconsideration of the Conversion Order. While there is no specific reference to a motion to reconsider in the Federal Rules of Civil Procedure or Bankruptcy Procedure, the rules allow a litigant to file a motion seeking relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b) which is made applicable to the bankruptcy by Fed. R. Bankr. P. 9024.

Rule 60(b) provides that the court may grant relief from an order based on one or more of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[6]

Debtor contends she converted her case to Chapter 7 because she mistakenly thought she was eligible to obtain a Chapter 7 discharge. She says that the content of the motion proves her mistake because the motion asserted that she was eligible for a discharge. As a general

---

[6] Fed. R. Civ. P. 60(b).

proposition, the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of orders only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.[7] Debtor has failed to met her burden here. Debtor did not allege the court misapprehended the facts, her position, or the controlling law. Instead, Debtor alleges she was the one who misapprehended the facts and consequences. Moreover, contrary to Debtor's assertion, her motion to convert did not say she was eligible for a Chapter 7 discharge. Debtor's motion to convert alleged that "[she] does qualify as a debtor under Chapter 7...." She does qualify to be a debtor, even if she is not eligible for a discharge.[8] Finally, a review of the Conversion Order does not reveal any error in law or fact by the judge. The Conversion Order does not make any specific findings of fact or law, it simply sets forth deadlines for required filings. Thus, Rule 60(b)(1) cannot be the basis to set aside the Conversion Order.

Likewise, Rule 60(b)(6)'s "any other reason that justifies relief" cannot be the basis to set aside the Conversion Order. Relief under this provision generally requires a showing of actual injury and the presence of circumstances beyond the movant's control that prevented timely action to protect his interests.[9] The Tenth Circuit has found extraordinary circumstances when events not contemplated by the moving party render enforcement of the judgment inequitable.

---

[7] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577-578 (10th Cir. 1996).

[8] *See* 11 U.S.C. § 109; *Canganelli v. Lake County Indiana Dep't of Public Welfare (In re Canganeilli)*, 132 B.R. 369 (Bankr. N.D. Ind. 1991)(Eligibility requirements for being Chapter 7 debtor do not expressly limit or prohibit granting of general discharge to one who has filed Chapter 7 petition within six years of filing of previous Chapter 7 petition).

[9] *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir.1998).

Rule 60(b)(6) relief is appropriate when circumstances are so "unusual and compelling" that extraordinary relief is warranted, or when it "offends justice" to deny such relief.[10]  A counseled, deliberate choice with unfortunate consequences does not warrant Rule 60(b)(6) relief.[11]  Debtor requested the Conversion Order.  She was in the best position to know if she had previously obtained a Chapter 7 discharge.  Under these circumstances, the Court finds no basis to set aside the Conversion Order.

      C.      <u>Cause to Dismiss the Remaining Chapter 7</u>

The Trustee argues cause exists to dismiss this case.  The authority to dismiss a Chapter 7 case is found in § 707, which provides dismissal only after notice and a hearing and only for cause.  Being ineligible to receive a discharge pursuant to § 727(a)(8) is cause for dismissal.[12]

Section 727(a)(8) provides that "[t]he Court shall grant the debtor a discharge, unless, the debtor has been granted a discharge under this section . . . in a case commenced within six years before the date of the filing of the petition."  Debtor previously filed a Chapter 7 on May 10, 2001 and a discharge was granted on August 15, 2001.  This case was originally filed on December 17, 2004, within the six year period; thus, Debtor is not eligible for a discharge in this case.[13]  Since Debtor cannot receive a discharge at this time, cause exists to dismiss this case.

---

[10] *Cashner*, 98 F.3d at 580 (internal quotation marks omitted).

[11] *See Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

[12] *In re Blanchette*, 54 B.R. 890 (Bankr. R.I. 1995) (where the debtor is precluded from obtaining the primary source of relief afforded by Chapter 7, *i.e.,* discharge, this constitutes cause for dismissal, within the meaning of 11 U.S.C. § 707).

[13] "Commencement" of a case occurs upon the filing a voluntary petition. 11 U.S.C. § 301.  Conversion of a case does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.  11 U.S.C. § 348(a).

III. Conclusion

The Reconversion Order (Doc. 91) is VACATED.  The Debtor's motion to set aside the Conversion Order (Doc. 101) is DENIED.  The Trustee's motion to dismiss (Doc. 96) is GRANTED.

# # #